Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUZ DELIA FIGUEROA ESTRELLA<br><br>Apelante<br><br>v.<br><br>IRIS J. LLERAS MELÉNDEZ; LISBETH NIEVES MOLINA; LIZZETTE MOLINA RUIZ<br><br>Apelados | KLAN202500165 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV03225 (503)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece ante nos Luz Delia Figueroa Estrella ("señora Figueroa Estrella" o "Apelante") mediante escrito intitulado *Petición* presentado el 28 de febrero de 2025. Nos solicita la revocación de la *Sentencia* emitida el 20 de diciembre de 2024, notificada el 26 de diciembre del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario desestimó con perjuicio la causa de acción instada por la Apelante tras ésta no probar los méritos de su demanda en el juicio en su fondo.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

### I.

El 23 de marzo de 2022, la señora Figueroa Estrella presentó *Demanda* sobre daños y perjuicios contra Lisbeth

Número Identificador

SEN(RES)2025_____

Nieves Molina; Iris J Lleras Meléndez; Lizzette Molina Ruiz (en conjunto, "las Apeladas") y otros demandados con nombres ficticios.[1] La Apelante alegó que, el 23 de junio de 2021, tuvo un altercado en el cual fue agredida físicamente por las Apeladas. Adujo que "[e]l demandado Fulano de Tal era visitante de una de las demandadas y, durante los hechos antes indicados, sujetó a la demandante, momento que aprovecharon las demandadas para agredirla físicamente".[2] Arguyó que, como resultado de la agresión, sufrió trauma abdominal, en la caja torácica y, además, sufrió hematomas en el rostro cuyas señales duraron por varias semanas. Por tanto, solicitó una indemnización por los daños sufridos por el monto de setenta y cinco mil dólares ($75,000.00).En respuesta, el 30 de noviembre de 2022, las Apeladas presentaron *Contestación a Demanda*.[3] Mediante la misma, negaron ciertas alegaciones y levantaron sus defensas afirmativas.

Tras varios asuntos procesales que no son necesario detallar, el 24 de octubre de 2023, las partes presentaron *Informe de Conferencia con Antelaci[ó]n A Juicio*.[4] En esta, las partes expusieron cual sería la prueba que utilizarían en el juicio y esbozaron sus respectivas teorías legales. Así las cosas, el 13 de febrero de 2024, se llevó a cabo el juicio en su fondo. No obstante lo anterior, surge de la *Minuta* del juicio que, la parte

---

[1] Véase, Apéndice del Recurso, págs. 18-20. Cabe destacar que surge del expediente electrónico del presente caos que, el 18 de julio de 2023, el foro primario emitió *Sentencia Parcial* en la que archivó la presente causa de acción a favor de Lisbeth Nieves Molina por esta no haber sido emplazada. Surge, además, que la Apelante no recurrió de dicha determinación pero sometió una solicitud de relevo de sentencia la cual fue denegada. La Apelante recurrió de dicha denegatoria ante esta Curia en el KLCE202301165. No obstante este Tribunal denegó el auto de *certiorari* mediante Resolución emitida el 27 de noviembre de 2023.
[2] Véase, Apéndice del Recurso, pág. 19.
[3] *Íd.*, págs. 21-22.
[4] *Íd.*, págs. 21-22.

Apelada solicitó un turno posterior por lo que señaló el juicio para el 17 y 18 de abril de 2024.[5]

Empero, el 15 de abril de 2024, el foro primario emitió *Orden: Segundo Reseñalamiento de Juicio en su Fondo*.[6] Por virtud de esta, se recalendarizó el juicio para el 8 y 9 de octubre de 2024, pues una de las Apeladas se encontraba hospitalizada. Así pues, el 9 de octubre de 2024, se celebró el juicio.[7] De la *Minuta* de la aludida vista, se desprende que a la misma comparecieron las partes con sus respectivos abogados. De igual forma, consta en el expediente que durante la vista se admitió la siguiente prueba documental:

1. Tres fotografías donde se muestra a la señora Figueroa Estrella. Dicha prueba fue objetada por las Apeladas ya que no surge la fecha que se tomó y fue tomada por otra persona que no era testigo.
2. Expediente Médico Certificado Doctor's Center Hospital.[8]

De igual forma, surge de la *Minuta*, que la Apelante vertió su testimonio para el récord. Sin embargo, tras la señora Figueroa Estrella declarar, las Apeladas indicaron que, por lo presentado hasta el momento, entendían que no existían hechos constitutivos de daños, agresiones o insultos a la Apelante, por lo que, solicitaron la desestimación de la *Demanda* y con ello sometería su caso con la prueba presentada por la señora Figueroa Estrella. De esta forma, concluyó el juicio y el 20 de diciembre de 2024, notificado el 26 de diciembre del mismo año, el foro primario emitió *Sentencia*.[9] Por virtud de esta, formuló las siguientes determinaciones de hechos:

1. La demandante, Luz Delia Figueroa Estrella, es mayor de edad, soltera, pensionada y vecina de Bayamón, Puerto Rico. Su dirección física es Barrio Minillas

---

[5] Véase, SUMAC TPI, Entrada 71.
[6] Véase, SUMAC TPI, Entrada 80.
[7] Véase, Apéndice del Recurso, págs. 33-39.
[8] *Íd.*, págs. 35-36.
[9] *Íd.*, págs. 2-8.

Sector Estrella Carretera 831 Km 2.5 Bayamón, Puerto Rico.

2. La demandada Iris J. Lleras Meléndez es mayor de edad con dirección residencial Barrio Minillas Sector Estrella Carretera 831 Km 2.5 Bayamón, Puerto Rico.

3. La demandante conoce a la codemandada Iris Lleras hace aproximadamente 50 años, aunque no mantiene una relación de amistad con esta.

4. La Sra. Iris Lleras estuvo casada con un primo de la demandante.

5. Iris J. Lleras Meléndez es la vecina de al frente de la demandante.

6. La demandada, Lizzette Molina Ruiz, es mayor de edad y con dirección residencial Barrio Minillas Sector Estrella Carretera 831 Km 2.5 Bayamón, Puerto Rico.

7. Lizzette Molina Ruiz es vecina de la demandante aproximadamente desde mayo del 2021.

8. La demandante no mantiene ninguna relación con la Sra. Lizzette Molina Ruiz.

9. Los solares de la Sra. Lizzette Molina Ruiz y de la demandante están contiguos, aunque separados por una verja y un muro de cemento.

10. La Sra. Lizbeth Nieves Molina es mayor de edad y vecina de Bayamón, Puerto Rico. Su dirección residencial actual es Barrio Minillas Sector Estrella Carretera 831 Km 2.5 Bayamón, Puerto Rico.

11. La Sra. Lizbeth Nieves Molina es hija de la codemandada Lizzette Molina Ruiz y no es parte del presente caso.

12. El 23 de junio de 2021, a eso de las 11:00am y estando en el interior de su residencia, la demandante escuchó ruidos en el exterior de su propiedad. Que al salir de su residencia vio en la colindancia de su propiedad a las codemandadas.

13. El 23 de junio de 2021, la parte demandante y las demandadas tuvieron un altercado.

14. Producto del altercado acontecido entre las partes el 23 junio de 2021 el Tribunal de Primera Instancia de Bayamón, Sala Municipal expidió varias órdenes en contra de la parte demandante, a saber: (a) Orden de Protección #BYL1212021-2080: Parte Peticionaria Lisbeth Nieves Molina en representación de Iris J. Lleras Meléndez vs Parte Peticionada vs Luz Delia Figueroa Estrella; (b) Orden de Protección #BYL2842021-2764: Parte Peticionaria Lizzette Molina Ruiz vs Parte Peticionada vs Luz Delia Figueroa Estrella; y (c) Orden de Protección #BYL2842021-2762: Parte Peticionaria Lisbeth Nieves Molina vs Parte Peticionada vs Luz Delia Figueroa Estrella. Todas las ordenes fueron expedidas el 9 de septiembre de 2021 con vigencia hasta el 9 de septiembre de 2022.

15. Debido al altercado del 23 de junio de 2021 acontecido entre las partes, el 3 de julio de 2021 la demandante tramitó orden de protección al amparo de la Ley 121 del 2019 ante el Tribunal de Primera Instancia de Bayamón, Sala Municipal. Dicha

solicitud fue desestimada por el Tribunal de Primera Instancia de Bayamon, Sala Municipal.[10]

Cónsono con estas determinaciones de hechos, el foro *a quo* desestimó con perjuicio la causa de acción de la señora Figueroa Estrella por los siguientes fundamentos:

a. El "demeanor" desplegado por la demandante, durante el juicio en su fondo, aunado a un testimonio ambiguo, impreciso y plagado de muchísimas incongruencias resultan en que a este tribunal no le haya merecido ninguna credibilidad lo vertido en corte abierta por la Sra. Luz Delia Figueroa Estrella.

b. Este tribunal es de la opinión que la parte demandante no pudo establecer con precisión y credibilidad qué fue lo que sucedió el 23 de junio de 2021 que desató el altercado suscitado entre las partes. Tampoco pudo establecer quien o quienes provocaron el altercado.

c. La demandante tampoco nos persuadió para concluir que los alegados daños percibidos por esta fueron producto del altercado y ocasionados por alguna o todas las demandadas; o, si en la alternativa los alegados daños fueron ocasionados por terceros que no forman parte del caso de autos.[11]

Insatisfecha con el resultado, el 10 de enero de 2025, la Apelante presentó *Moción de Reconsideración.*[12] Mediante esta, adujo que en el presente caso se suscitó una agresión por parte de las Apeladas contra la Apelante y que ello se demostró con las fotos admitidas en evidencia, las cuales mostraban los golpes recibidos y el expediente médico, también admitido en evidencia. Además, solicitó que se incorporaran determinaciones de hechos adicionales relacionadas al contenido de lo declarado por esta el juicio.

Por su parte, el 30 de enero de 2025, las Apeladas presentaron *Moción en Oposición a Reconsideración de Sentencia.*[13] Argumentaron que la causa de acción instada por la señora Figueroa Estrella carecía de todo mérito, toda vez que la Apelante no logró persuadir al foro primario para concluir que

---

[10] *Íd.*, págs. 5-6.
[11] *Íd.*, pág. 8.
[12] *Íd.*, págs. 9-15.
[13] Véase, SUMAC TPI, Entrada 94.

los alegados daños fueron producto del altercado y ocasionados por alguna o todas las Apeladas.

Examinado estos escritos, el 30 de enero de 2025, notificado al día siguiente, el foro a quo emitió *Resolución Interlocutoria* en la que declaró *No Ha Lugar* la reconsideración instada por la Apelante.[14]

Inconforme aun, el 28 de febrero de 2025, la señora Figueroa Estrella presentó el recurso de epígrafe y formuló los siguientes señalamientos de error.

> Erró el Honorable Tribunal de Primera Instancia al dictar sentencia desestimando la demanda sin emitir determinaciones de hecho adicionales, según solicitado en la moción de reconsideración y conforme a lo expuesto en la propia introducción contenida en la sentencia.

> Erro el Honorable Tribunal de primera Instancia al concluir no darle ninguna credibilidad al testimonio de la demandante sin evidencia en contrario y, además, concluir que los golpes recibidos por esta pudieron haber sido propinados por terceras personas, sin elementos que permitieran tal conclusión

Por su parte, el 10 de marzo de 2025, las Apeladas presentaron *Alegato en Oposición a Expedición de Apelación Civil*. Ese mismo día, la Apelante presentó *Moción Informativa Sobre Notificación del Recurso y [sic] Para la Presentación de Exposición Narrativa de la Prueba*. Por virtud de este escrito, la señora Figueroa Estrella informó que pretendía presentar una exposición narrativa de la prueba.  El 13 de marzo de 2025, esta Curia emitió *Resolución* en la cual, entre otros asuntos, se le concedió al Apelante hasta el 16 de abril de 2025 para presentar la transcripción de la prueba oral estipulada ante este Tribunal.

No obstante lo anterior, el 15 de abril de 2025, la Apelante presentó *Moción Solicitando Prorroga para la Presentación de la Exposición Narrativa de la Prueba*, mediante la cual solicitaron

---

[14] Véase, Apéndice del Recurso, págs. 16-17.

un término adicional de diez (10) día para cumplir con lo ordenado. El 23 de abril de 2025, esa Curia emitió *Resolución* y le aclaró a la Apelante que no se aceptaría una exposición narrativa de la prueba pues, mediante la *Resolución* emitida el 13 de marzo de 2025, lo que se ordenó fue someter una transcripción de la prueba oral estipulada. En ese sentido, se le concedió un término de treinta (30) días a partir de la entrega de la regrabación de los procedimientos para entregar la transcripción de la prueba oral estipulada. Sin embargo, el término previamente mencionado venció sin que la parte Apelante cumpliera con lo ordenado. En consecuencia, el 2 de julio de 2025, esta curia emitió *Resolución* en la cual le concedió a la Apelante un término adicional improrrogable de tres (3) días para que sometiera la transcripción de la prueba oral estipulada. De igual forma, en la aludida *Resolución* este Tribunal de Apelaciones apercibió a la Apelante sobre las consecuencias de incumplir con la orden emitida de conformidad con la Regla 76 (A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprobó. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Así pues, el 9 de julio de 2025, la señora Figueroa Estrella sometió *Moción Presentado Exposición Narrativa de la Prueba según Grabación de la Vista Celebrada en TPI*. En la misma, expresó que dado a que los costos de la transcripción de la vista no eran accesibles, sometió la exposición narrativa de la prueba y copia de la regrabación entregada por el foro primario. En vista de ello, el 15 de julio de 2025, este Tribunal le concedió un término de cinco (5) días a las Apeladas para que se expresara en torno a la moción sometida por la Apelante el 9 de julio de

2025. Oportunamente, el 22 de julio de 2025, las Apeladas presentaron *Moción Cumplimiento de Orden: Objeción a Exposición Narrativa* y solicitaron no acoger la exposición narrativa y, en consecuencia, confirmáramos la *Sentencia* apelada. Evaluado los escritos presentados, el 30 de julio de 2025, esta Curia emitió *Resolución* la cual declaramos *No Ha Lugar* la *Moción Presentado Exposición Narrativa de la Prueba según Grabación de la Vista Celebrada en TPI.*

No empece lo anterior, el 5 de agosto de 2025 la Apelante presentó *Moción de Reconsideración.* Mediante esta, esbozó que el contenido de la exposición narrativa presentada era de fácil corroboración ya que junto a esta, se incluyó la regrabación de los procedimientos. Evaluado este escrito, el 7 de agosto de 2025, emitimos Resolución en la cual esta Curia reiteró no aceptar la exposición narrativa. Sin embargo, en aras de garantizar el acceso a la justicia y a tenor con la Regla 19 (A) del Reglamento del Tribunal de Apelaciones, *supra*, acogimos la regrabación de los procedimientos como la prueba oral del caso. Con el beneficio de la comparecencia de las partes y de la regrabación de los procedimientos, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Estándar de Revisión de Apreciación de Prueba

La Regla 43.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 43.2 establece en lo pertinente que "[l]as determinaciones de hecho basadas en el testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos."

En nuestro ordenamiento jurídico, la "tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada". *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 792 (2020). Esto "incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz". *Íd,* citando a *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Los tribunales apelativos "no celebramos juicios plenarios, no presenciamos el testimonio oral de los testigos, no dirimimos credibilidad y no hacemos determinaciones de hechos". *Dávila Nieves v. Meléndez Marín, supra,* pág. 770.

Por ello, los tribunales apelativos no intervenimos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realiza ese foro *Sucn. Rosado v. Acevedo Marrero,* 196 DPR 844, 917 (2016). Sin embargo, esa deferencia descansa en un marco de discreción y razonabilidad. *Citibank NA v. Cordero Badillo,* 200 DPR 724, 735 (2018). La discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016). Así que, ese juicio discrecional "no es en función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Santa Aponte v. Srio. Hacienda,* 105 DPR 750, 770 (1977). Los tribunales revisores podremos sustituir el criterio que utilizó el foro primario por el nuestro únicamente cuando existen circunstancias extraordinarias en las que se pruebe que el foro primario actuó con pasión, prejuicio o parcialidad, incurrió en

craso abuso de discreción o en un error manifiesto o de derecho. *Citibank NA v. Cordero Badillo, supra*, pág. 736.

Se dice que el tribunal incurrió en un error manifiesto "cuando, de un análisis de la totalidad de la evidencia, el tribunal apelativo queda convencido de que se cometió un error, aunque haya evidencia que sostenga las conclusiones de hecho del tribunal". *Gómez Márquez et al. v. El Oriental*, supra*, pág. 793. Esto implica que "la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble". *Íd.* Véase, también, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 374 (2020). Dicho estándar de revisión, "restringe nuestra facultad para sustituir el criterio del foro primario a escenarios en los que de la prueba admitida *no exista base suficiente que apoye tal determinación*". *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018). (Énfasis en original).

Por otro lado, el juzgador incurre en pasión, prejuicio o parcialidad si actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". *Dávila Nieves v. Meléndez Marín, supra*, pág. 782. De otra parte, un tribunal puede incurrir en abuso de discreción cuando el juez: (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto, (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Pueblo v. Sanders Cordero*, 199 DPR 827, 841 (2018).

Cónsono con lo anterior, la Regla 19 (A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprobó. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __(2025), dispone lo siguiente:

> Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la Regla 76 de este Reglamento. Cuando promueva la disposición rápida y eficiente del recurso, el Tribunal de Apelaciones podrá relevar a las partes de reproducir la prueba oral, y requerir que sometan la regrabación del procedimiento en el tribunal apelado, detallando las porciones de la grabación concernientes al error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta.

A tenor con lo dispuesto en la aludida regla, aquella parte que señale un error referente a la suficiencia de la prueba o la apreciación errónea de esta es quien tiene la responsabilidad de reproducir la prueba oral. En tal sentido, la Regla 76 del Reglamento del Tribunal de Apelaciones, *supra*, establece:

> Una parte que ha presentado un recurso ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones, no más tarde de diez días desde que se presentó el recurso, si se propone reproducir la prueba oral que desfiló ante el foro recurrido y si propone una transcripción, una exposición narrativa estipulada o algún otro método. La parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.

> Si la parte ha impugnado la apreciación de la prueba por el foro recurrido, o si el Tribunal de Apelaciones considera que es necesario o conveniente examinar la prueba oral para adjudicar apropiadamente los señalamientos de error de la parte apelante, peticionaria o recurrente, el Tribunal deberá, en ausencia de una expresión al respecto de dicha parte, ordenar a esta que informe, en un término razonable, si se propone reproducir la prueba oral y qué método propone para esto. **Dicha orden deberá incluir una advertencia sobre la consecuencia de no reproducir la prueba oral de forma oportuna, lo cual podría incluir que se considere renunciado todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de una evaluación de la prueba oral**.

> A instancia de parte, o por iniciativa propia, **el tribunal determinará si autoriza la reproducción de la prueba oral, así como el método que se utilizará para esto** (Énfasis suplido).

El foro intermedio apelativo no puede cumplir a cabalidad su función revisora sin que se le produzca, mediante alguno de los mecanismos provistos para ello, la prueba que tuvo ante sí el foro primario.

**III.**

En el caso que nos ocupa, la Apelante nos solicita la revocación de la *Sentencia* emitida el 20 de diciembre de 2024 en la que el foro primario desestimó su causa de acción, tras determinar que, en el juicio en su fondo no quedó demostrado los méritos de la reclamación instada. En específico, la señora Figueroa Estrella esgrime, como primer señalamiento de error, que el foro primario debió emitir determinaciones de hechos adicionales según lo solicitó en una moción de reconsideración interpuesta por ésta. En particular, argumenta que el foro primario no recogió su testimonio las determinaciones de hecho formuladas por el foro primario en la *Sentencia* apelada. Asimismo, como segundo señalamiento de error, esboza que el foro *a quo* incidió al no concederle ninguna credibilidad a su testimonio vertido en el juicio. Veamos.

De entrada, es preciso aclarar que ambos señalamientos de error formulados por la Apelante **dependen fuertemente del testimonio vertido por ésta en corte abierta el 9 de octubre de 2024**. Concretamente, el primer error solicita que revisemos la negativa del foro primario de incorporar el contenido de la declaración que ésta ofreció en el juicio en las determinaciones de hechos de la *Sentencia* y el segundo error cuestiona la credibilidad que le adjudicó el foro *a quo* a su testimonio. Por consiguiente, para poder cumplir con nuestra función revisora es indispensable tener ante nuestra consideración la

reproducción de la prueba oral del caso. Es menester resaltar que, en nuestro ordenamiento jurídico, es la parte apelante la responsable de probar que existe prueba que contradice la determinación del foro primario. Para ello, cuando en un recurso se señala algún error relacionado con la apreciación de la prueba por parte del foro primario, la parte apelante deberá reproducir la prueba oral, de conformidad con lo dispuesto en la Regla 19 y 76 del Reglamento del Tribunal de Apelaciones, *supra*. En vista de lo anterior, a tenor con la Regla 19 (A) del Reglamento del Tribunal de Apelaciones, *supra*, determinamos acoger la regrabación de los procedimientos llevados a cabo el 9 de octubre de 2024 como la prueba oral del caso.

En cuanto al incidente que dio inicio a este pleito, surge de la aludida regrabación, que la señora Figueroa Estrella declaró que el 23 de junio de 2021 tuvo un altercado físico con sus vecinas Lisette Molina Ruiz ("señora Molina Ruiz"), Iris Lleras Meléndez ("señora Lleras Meléndez"), la hija de la señora Molina Ruiz, la cual la Apelante desconoce su nombre y un amigo de la señora Ruiz Molina de nombre Carlos.[15] Narró que mientras se encontraba en su casa, escuchó un ruido y al asomarse observó a las personas antes mencionadas "sacando cosas de su terreno".[16] Esgrimió que, acto seguido, llegó al lugar y le advirtió a las personas mencionadas que dejaran de sacar las referidas cosas, pues éstas estaban encima de un pozo séptico.[17] Declaró además que, como consecuencia de ello, fue agredida.[18] Detalló que ella, la Apelante, estaba sujetada de la blusa de la hija de la señora Molina Ruiz, que el amigo de la

---

[15] Véase, Regrabación de los procedimientos, min 26:39- min. 34:01.
[16] *Íd.*, min. 32:21- min. 32:28.
[17] *Íd.*, min. 32:57- min. 33:15.
[18] *Íd.*, min. 34:45- min. 34:01.

señora Molina Ruiz le sujetó la mano derecha mientras la señora Molina Ruiz la atacó con una pala. Por otro lado, la señora Lleras Meléndez la agredió en varias partes del cuerpo y la hija de la señora Molina Ruiz la golpeó en el área de las costillas.[19] De igual forma, luego de esbozar estos eventos, la Apelante continuó su relato y narró lo sucedido luego del incidente.

Luego de escuchada la prueba oral del caso, no encontramos presentes las circunstancias que nos permitan intervenir con la apreciación de la prueba realizada por el foro primario y las determinaciones de hechos formuladas por éste a base de dicha apreciación. Nótese que en su dictamen, el foro *a quo* constató que no le otorgó credibilidad al testimonio de la señora Figueroa Estrella, por el "demeanor" desplegado por la ésta durante el juicio en su fondo, y, además, por haber prestado un testimonio ambiguo, impreciso y "plagado de muchísimas incongruencias".[20] Esta apreciación por parte del foro *a quo* merece total deferencia de los foros apelativos salvo circunstancias extraordinarias que demuestren que el foro primario actuó con pasión, prejuicio, parcialidad, o que este incurriera en craso abuso de discreción o en un error manifiesto.

Tras escuchar con detenimiento la totalidad de la regrabación de los procedimientos ante el foro primario colegimos que corresponde otorgar total deferencia a la apreciación del foro primario. Por consiguiente, determinamos que ninguno de los dos (2) señalamientos de error se cometió.

---

[19] *Íd.*, min. 36:01- min. 38:05.
[20] Véase, Apéndice del Recurso, pág. 8.

**IV.**

Por los fundamentos expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones